**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARY WHITE,**

    **Plaintiff,**

**v.**               **Case No.  8:07-cv-709-T-26TBM**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

   The Plaintiff seeks judicial review of the denial of her claim for Social Security

disability benefits.[1]  Because the decision of the Commissioner of the United States Social

Security Administration is not supported by substantial evidence or is not in accordance with

the correct legal standards, I recommend that it be reversed and remanded for an award of

benefits.

I.

   Plaintiff was 48 years of age at the time of her administrative hearing in April 2005.

She stands 5' 5" tall and weighed 114 pounds.  Plaintiff has one year of college.  Her past

relevant work was clerical and customer service work.  Plaintiff applied for disability benefits

_____

   [1]This matter comes before the undersigned pursuant to the Standing Order of this court
dated August 28, 1987.  *See also* M.D. Fla. R. 6.01(c)(21).

in March 2003, alleging disability as of February 15, 2001, by reason of fibromyalgia, anxiety, sickle cell trait, chest and muscle pain, and shortness of breath. The Plaintiff's application was denied originally and on reconsideration.

The Plaintiff, at her request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing by counsel and testified in her own behalf. No other witnesses were called to testify.

In essence, Plaintiff testified that she is able to do "much of nothing" because of problems from her neck down. According to her testimony, she experiences pain in her neck, shoulders, back, hands, and feet. When asked about the problems with her hands, she described them as "messed up," and she wears a splint on one. She has difficulty doing much writing. As for her back pain, Plaintiff testified that it affects her ability to sit. She must get up and down often and can only sit for about thirty minutes before she must stand. Sometimes the bottoms of her feet burn and tingle so much that she cannot stand for any length of time. The pain in her feet also causes her to be off balance. She uses a cane for balance on the advice of a doctor. Plaintiff stated that she does not try to lift much and she uses plastic cups and plates because she has a tendency to drop things. She can reach forward with her arms but cannot reach up very well. She complained that her whole right side hurts when she pushes or pulls.

Plaintiff also suffers from depression and some days it is "hard." At certain times, she does not want to be around people and she gets very frustrated. Plaintiff testified that she takes medications for her condition, but they sometimes cause her "scary" feelings, like she is losing her mind. Plaintiff indicated that her current doctors were discussing her medications.

2

Plaintiff testified to limited daily activities.  She drives, but only for short distances such as going to appointments or the store.  When she goes to the grocery store she takes someone with her because she is unable to lift a bag of groceries unless it is very light. Plaintiff testified to difficulty sleeping and she sometimes naps two to three times during the day.  By her description, she is up and down in a chair when she is not in bed and she sits with her legs out for comfort.  In her opinion, her problems would cause her to miss more than three days of work a month.  *See* Plaintiff's testimony (R. 249-259).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

By his decision of November 17, 2005, the ALJ determined that while Plaintiff has severe impairments related to fibromyalgia, asthma, history of carpal tunnel syndrome, GERD, sickle cell trait, and neck and low back pain, she nonetheless had the residual functional capacity to perform a full range of light to medium exertional work.  Upon this determination and the additional finding that Plaintiff's ability for such work was not significantly compromised by any nonexertional limitations, and using the medical vocational guidelines ("grids") as a framework for the decision, the ALJ concluded Plaintiff could perform her past relevant work as well as other work existing in the local and national economy.  Upon this conclusion, the Plaintiff was determined to be not disabled.  (R. 16-25). The Appeals Council denied Plaintiff's request for review.

II.

In order to be entitled to Social Security disability benefits a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See id.* at § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Commissioner must apply the correct law and demonstrate that he has done so.  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of HHS*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are

4

supported by substantial evidence.  *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial

evidence, the court is not to re-weigh the evidence, but is limited to determining whether the

record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that

the claimant is not disabled.  *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233

(11th Cir. 1983).

The ALJ, in part, decided the Plaintiff's claim pursuant to Regulations designed to

incorporate vocational factors into the consideration of disability claims.  *See* 20 C.F.R.

§§ 404.1501, *et seq.*  These Regulations apply in cases where an individual's medical

condition is severe enough to prevent them from returning to their former employment, but

may not be severe enough to prevent them from engaging in other substantial gainful activity.

In such cases, the Regulations direct that an individual's residual functional capacity, age,

education, and work experience be considered in determining whether the claimant is

disabled.  These factors are codified in tables of rules that are appended to the Regulations

and are commonly referred to as "the grids."  *Id.* at Part 404, Subpt. P, App. 2.  If an

individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion

as to whether the individual is disabled.  *Id.* at § 404.1569.  If an individual's situation varies

from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but

is advisory only.  *Id.* at § 404.1569a.

The scope of review is limited to determining whether the findings of the

Commissioner are supported by substantial evidence and whether the correct legal standards

were applied.  *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).


                                                III.

        The Plaintiff raises three claims on this appeal.  As stated by the Plaintiff, they are as follows:

        (1) The ALJ erred in ignoring the findings of White's treating physician as to her functional limitations;

        (2) The ALJ erred in stating that White could perform a full range of light to medium work; and

        (3) The ALJ erred in discrediting Claimant's pain testimony.

        Plaintiff's first and third claims are interrelated and addressed together.  By her first claim, Plaintiff argues that the ALJ improperly rejected the opinion of her treating rheumatologist, Dr. Michelle Spuza-Milord.  In particular, Plaintiff contends the ALJ did not have good cause to reject this physician's opinion that Plaintiff was capable of performing less than sedentary exertional work.  In rejecting the doctor's opinion, the ALJ found the functional capacity statement completed by this doctor was inconsistent and based on Plaintiff's allegations rather than clinical evidence.  By Plaintiff's arguments, these reasons are inaccurate and do not form a reasonable basis for rejecting the treating source's opinion.  According to Plaintiff, Dr. Spuza-Milord's conclusions are substantiated by her own clinical findings and other medical evidence.  Citing to the applicable standard for treating physicians, Plaintiff urges that Dr. Spuza-Milord's opinion should be taken as true.  Plaintiff also

                                                6

criticizes the ALJ's reliance on the functional assessments completed by state agency experts, one of whom was not even a doctor.[2]  Plaintiff observes that even though the ALJ relied on these assessments, the assessment by Dr. James Green found her capable of performing only a limited range of light work, not a full range of light to medium work as determined by the ALJ.[3]  Under the above circumstances, Plaintiff contends she is entitled to benefits.  (Doc. 12 at 3-7).  By her third claim, Plaintiff maintains that the evidence supports her pain testimony and the ALJ failed to properly articulate adequate reasons for discounting the same.  By Plaintiff's reading of the decision, the ALJ summarily rejected her testimony by concluding that her allegations regarding her limitations were not totally credible.  As indicated, Plaintiff claims this is insufficient and she cites to this circuit's pain standard, urging that her subjective testimony should be accepted as true and the decision reversed for an award of benefits.  (Doc. 12 at 9-11).

_____

[2]The signature on this assessment is not legible.  *See* (R. 172).  However, "SDM" follows the illegible name, which stands for single decision maker.  As recognized in this district, a "SDM is not a medical professional of any stripe, and a finding from such an individual is entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources."  *Bolton v. Astrue*, No. 3:07-cv-612-J-HTS, 2008 WL 2038513, *4 (M.D. Fla. 2008) (quoting *Velasquez v. Astrue*, No. 06-cv-02538-REB, 2008 WL 791950, *3 (D. Colo. 2008)).  In any event, this reviewer concluded that Plaintiff was capable of performing a full range of medium exertional work.  (R. 165-72).  Notably, the SDM's report was made approximately one and a half years prior to Dr. Spuza-Milord's assessment.

[3]This nonexamining, state agency doctor opined that Plaintiff could perform the physical demands of light work that did not require (1) more than occasional handling, fingering, feeling, pushing, and pulling with the left hand, (2) more than frequent climbing of ramps/stairs, balancing, stooping, kneeling, crouching, and crawling, (3) climbing ladders, ropes, and scaffolds, and (4) more than moderate exposure to open heights.  (R. 201-08).  This assessment was also completed almost a year and a half prior to Dr. Spuza-Milord's assessment.  While this doctor acknowledged Plaintiff's musculoskeletal pain, he did not mention fibromyalgia or Plaintiff's diagnosis of the same.

The Commissioner counters that the ALJ adequately rejected Dr. Spuza-Milord's assessment on the basis that it was not consistent with treatment notes, it was not consistent with clinical data, and it was based on [Plaintiff's] allegations.  By the Commissioner's review of the medical evidence, the ALJ's stated reasons are supported by the record.  As for Plaintiff's reliance on her fibromyalgia, the Commissioner urges that a diagnosis alone does not establish that the condition results in disabling limitations.  He urges further that Plaintiff failed to meet her burden of proof because her subjective complaints exceeded the clinical evidence and the ALJ cannot credit a physician's opinion that rests solely on her subjective complaints.  (Doc. 15 at 8-12).  Regarding Plaintiff's credibility, the Commissioner disputes that the ALJ summarily discounted such.  According to the Commissioner, the ALJ adequately addressed Plaintiff's credibility when reviewing the medical evidence.  In particular, the Commissioner claims the ALJ discounted Plaintiff's complaints on the basis of Dr. Sidney Grau's consulting examination, the inconsistency between Plaintiff's normal gait and her alleged need to use a cane, the findings reported in the neurological consultative evaluation, and the lack of evidence in the medical record supporting Plaintiff's allegations. The Commissioner also points to the inconsistencies between Plaintiff's self-report to the SSA regarding her meal preparation and shopping and her report to Dr. David Kazar that she drove her husband to work, routinely walked for 15 minutes, and prepared meals.  (Doc. 15 at 13).

When considering a treating physician's testimony, the ALJ must ordinarily give substantial or considerable weight to such testimony unless good cause is shown to the contrary.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004); *Lewis v. Callahan*, 125

F.3d 1436,1440 (11th Cir. 1997); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.

1986); *see also* 20 C.F.R. § 404.1527(d)(2).  Good cause for rejecting a treating source's

opinion may be found where the treating sources's opinion was not bolstered by the evidence,

the evidence supported a contrary finding, or the treating source's opinion was conclusory or

inconsistent with his or her own medical record.  *Phillips*, 357 F.3d at 1240-41 (citing *Lewis*,

125 F.3d at 1440); *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).  In this circuit,

where the Commissioner has ignored or failed properly to refute the treating physician's

testimony, such testimony, as a matter of law, must be accepted as true.  *MacGregor*, at 1053.

If an ALJ decides to not credit a claimant's subjective testimony, he must articulate

explicit and adequate reasons for his decision.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th

Cir. 2005); *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); *Jones v. Dep't of Health &

Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991).  The failure of the ALJ to articulate the

reasons for discrediting subjective testimony requires, as a matter of law, that the testimony

be accepted as true.  *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988); *MacGregor*,

786 F.2d at 1054.  Similarly, where the ALJ's stated reasons for discounting a claimant's

subjective allegations are not supported by substantial evidence, the claimant's pain testimony

is accepted as true.  *See Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987).

Here, the ALJ determined that Plaintiff's fibromyalgia constituted a severe

impairment under the Act (R. 17), but he accorded little weight to the opinions of Plaintiff's

treating physician, Dr. Spuza-Milord, and to Plaintiff's subjective testimony regarding pain

and fatigue.  (R. 18-21).  Dr. Spuza-Milord completed a Physical Capacities Evaluation form

on January 31, 2005.  By this assessment, the doctor opined that Plaintiff could sit for two to

three hours and stand/walk for up to one hour in an eight-hour workday; occasionally lift and

carry up to ten pounds; use her feet for repetitive action but not for sustained periods; and

occasionally bend, squat and reach with her right arm.  Dr. Spuza-Milord opined further that

Plaintiff could not crawl or climb; should avoid unprotected heights, moving machinery, and

exposure to marked changes in temperature and humidity; should have only mild exposure to

driving automotive equipment and moderate exposure to dust, fumes, and gases; and would

likely miss work more than three times a month.  (R. 218-19).  The ALJ acknowledged his

obligation to accord controlling weight to the opinions of treating physicians.  However, as

Plaintiff indicates, the ALJ rejected the functional capacities evaluation completed by the

treating rheumatologist, finding that:

> While Dr. Spuza-Milord found that the claimant was unable
> to complete a full eight-hour workday or forty-hour
> workweek, office records do not indicate such a severe
> impairment and there was no clinical evidence to support the
> allegations.  In fact, Dr. Spuza-Milord noted in October 2001
> that Ms. White had abnormal soft tissue examination with
> fibromyalgia distribution, all other joints were found to be
> within normal limits.  The claimant saw various other
> physicians and there was no indication that any physician
> placed any restrictions on the claimant's activities.  The
> undersigned finds inconsistencies with the assessment of Dr.
> Spuza-Milord and notes that it appears her assessment was
> based on the claimant's allegations and not clinical evidence.

(R. 21).  After recounting Plaintiff's subjective testimony (R. 18), the ALJ reviewed the

medical evidence and then concluded that Plaintiff's allegations and purported level of

functional limitations were not supported by the preponderance of medical and other

evidence.  (R. 21).  Implicit in the decision is that the ALJ discounted Plaintiff's subjective

complaints based on the medical record and/or lack thereof.  As indicated above, Plaintiff

urges these conclusions are unsupported.

Upon careful consideration, I conclude that the reasons cited by the ALJ for rejecting

Dr. Spuza-Milord's opinion do not establish the requisite good cause required for doing so

and his reasons for discounting Plaintiff's subjective allegations are unsupported.  As for the

ALJ's consideration of Dr. Spuza Milord's opinion, pertinent to this claim is that the doctor

diagnosed Plaintiff with fibromyalgia[4] and treated her for approximately three and a half years

thereafter.  *See, e.g.,* (R. 187-97, 217, 220-24, 226-29).  As a specialist in rheumatology, Dr.

Spuza-Milord was certainly qualified to do so.[5]  Here, the ALJ acknowledged Dr. Spuza-

Milord's speciality and that she diagnosed Plaintiff with fibromyalgia.[6]  (R. 18-19).  None of

the medical opinions of record disagreed with Dr. Spuza-Milord's diagnosis of fibromyalgia

despite the lack of objective evidence supporting it.  Additionally, her treatment notes

consistently documented Plaintiff's symptoms, medication management, testing ordered,

referrals made, and objective findings when present.  *See, e.g.*,  (R. 187-97, 217, 220-24, 226-

29).  While the ALJ is correct that Dr. Spuza-Milord's opinion was unsupported by clinical

---

[4]"Fibromyalgia is a clinical syndrome defined by chronic widespread muscular pain, fatigue and tenderness. . . .  Pain and tenderness are the defining characteristics of fibromyalgia . . .   There are no laboratory or other diagnostic tests for fibromyalgia so it must be diagnosed based on patient symptoms."  American College of Rheumatology, http://www.rheumatology.org/public/factsheets/fibromya_new.asp? (last visited July 9, 2008).

[5]As recognized by the American College of Rheumatology, these specialists are often the ones who diagnosis fibromyalgia. *See* http://www.rheumatology.org/public/factsheets/fibromya_new.asp? (last visited July 9, 2008).

[6]Under the SSA regulations, a physician's specialization is one factor that an ALJ may consider in determining the weight to accord a medical opinion.  20 C.F.R. § 404.1527(d)(5).

evidence (aside from repeated notations of trigger points) and based largely on Plaintiff's

subjective complaints, that is par for the course with fibromyalgia.  While the lack of clinical

support might otherwise be an acceptable reason for discounting a treating physician's

opinion, under the circumstances that exist in this case it was improper.  *See Stewart v. Apfel*,

245 F.3d 793, 2000 U.S. App. Lexis 33214, at *7-10 (11th Cir. 2000) (noting that

fibromyalgia often lacks medical or laboratory signs; indeed, its hallmark is a lack of

objective evidence); *Green-Younger v. Barnhart*, 335 F.3d 99, 107-09 (2nd Cir. 2003)

(providing that a doctor's opinion regarding functional limitations is not undermined by

reliance on the plaintiff's subjective complaints when the plaintiff suffers from fibromyalgia,

and noting that, "in stark contrast to the unremitting pain of which fibrositis patients

complain, physical examinations will usually yield normal results – a full range of motion, no

joint swelling, as well as normal muscle strength and neurological reactions"); *Benecke v.

Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004) (noting that "fibromyalgia is diagnosed entirely

on the basis of patients' reports of pain and other symptoms," its cause is unknown, there is

no cure, and it is poorly understood within much of the medical community); *see also*

Harrison's Principles of Internal Medicine, 1706-07 (Kurt J. Isselbacher et al., eds., 13th ed.

1994) (reporting that, with fibromyalgia, joint and muscle examination typically is normal).

The ALJ's reasons for discounting Plaintiff's subjective complaints are also

inadequate.  As with his consideration of Dr. Spuza-Milord's opinion, the ALJ improperly

rejected Plaintiff's allegations primarily on the basis of a lack of objective evidence.  *See

Stewart*, 245 F.3d 793, 2000 U.S. App. Lexis 33214, at *9; *Moisa v. Barnhart*, 367 F.3d 882,

885 (9th Cir. 2004); *cf. Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).  Here, the

12

ALJ clearly recognized the appropriate standard for assessing complaints of pain because he cited to this circuit's authority on the same as well as to the applicable SSA regulation and ruling.  (R. 17, 20).  Although the ALJ stated he had considered the pertinent factors in assessing Plaintiff's subjective complaints (R. 17-18), review of the decision reveals little more than a recitation of the medical record.  *See, e.g.,* (R. 18-21).  Importantly, the ALJ found that "[t]he objective clinical and laboratory findings do not establish that the claimant has impairments capable of producing the symptoms and functional limitations alleged," and Plaintiff's "allegations and purported level of functional limitations are not supported by the preponderance of medical and other evidence."  (R. 18, 21).  Aside from the contents of the medical records, the ALJ did not elaborate on the "other evidence."

Because the ALJ failed to demonstrate good cause for discounting Dr. Spuza-Milord's opinion and his reasons for rejecting Plaintiff's subjective allegations are not supported by substantial evidence, as a matter of law in this circuit, the evidence is accepted as true.  *See MacGregor*, 786 F.2d at 1053 (treating physician); *Hale*, 786 F.2d at 1053 (claimant).  Although a vocational expert did not testify at the administrative hearing, it is undisputed that Dr. Spuza-Milord's physical assessment places Plaintiff's functional capacity below that of sedentary exertional work.  Accepting that opinion and/or Plaintiff's self-described limitations results in Plaintiff's inability to perform any substantial gainful employment.  Accordingly, remand for further consideration of this matter is not warranted

13

and Plaintiff's case should be reversed and remanded for an award of benefits as of the date of Dr. Spuza-Milord's Physical Capacities Evaluation.[7]

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards.  I recommend that it be reversed and remanded for an award of benefits.  I recommend further that the Clerk be directed to enter Judgment in favor of the Plaintiff and to close the case, and the matter of fees and costs shall be addressed upon further pleadings.

Respectfully submitted on this
28th day of July 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
Counsel of Record

---

[7]In light of this result, Plaintiff's other allegation of error need not be addressed.

14