UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY WHITE,

        Plaintiff,
v.                                Case No. 8:07-cv-709-T-33TBM

MICHAEL J. ASTRUE, Commissioner
of the United States Social
Security Administration,

        Defendant.
_____/

**ORDER**

    This matter comes before the Court on consideration of United States Magistrate Judge Thomas B. McCoun, III's Report and Recommendation (Doc. # 16), entered on July 28, 2008, recommending that the decision of the Commissioner denying Disability Insurance Benefits under Title II of the Social Security Act be reversed and remanded for an immediate award of benefits to Plaintiff.

    Judge McCoun recommends that this Court find that the decision of the Commissioner was not supported by substantial evidence and that the Commissioner failed to apply the correct legal standards. Judge McCoun further recommends that the decision of the Commissioner be reversed and that Plaintiff be awarded benefits as of January 31, 2005, the date that Dr. Spuza-Milord completed a Physical Capacities Evaluation form for Plaintiff. (Doc. # 16 at 9, 16).[1]

_____

[1] The district court may reverse the decision of the Commissioner and order an award of disability benefits where the
(continued...)

As of this date, the parties have failed to file objections to the report and recommendation, and the time for the parties to file such objections has elapsed.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving de novo

---

[1](...continued)
Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993); accord, Bowen v. Heckler, 748 F.2d 629, 631 (11th Cir. 1984). A plaintiff may be entitled to an immediate award of benefits where the plaintiff has suffered an injustice, Walden v. Schweikler, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985).

review to matters of law, the Court accepts the factual findings and legal conclusions of the magistrate judge in part.

This Court agrees with Judge McCoun's assessment of the record. However, rather than remanding this case for an immediate award of benefits as recommended by Judge McCoun, this Court finds it appropriate to remand this case for further fact finding and to provide the Commissioner an opportunity to carefully comply with the legal standards applicable to Social Security disability benefits cases. In remanding this case, this Court expresses no opinion as to what the final outcome of the case should be. At the re-opened hearing, each side shall have the opportunity to submit additional evidence.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. United States Magistrate Judge Thomas B. McCoun, III's Report and Recommendation (Doc. # 16) is **ACCEPTED IN PART and REJECTED IN PART.**
2. The decision of the Commissioner is **REVERSED AND REMANDED** for further administrative proceedings.
3. The Clerk is directed to enter judgment in favor of Plaintiff pursuant to 42 U.S.C. § 405(g) as this is a sentence four remand, and thereafter to close the file. Shalala v. Schaefer, 509 U.S. 292, 302-303 (1993); Newsome v. Shalala, 8 F.3d 775, 779-780 (11th Cir. 1993).

4.  If Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) must be filed within 14 days of the Commissioner's final decision to award benefits.  See Bergen v. Commissioner of Social Security, 454 F.3d 1273, 1278 n. 2 (11th Cir. 2006).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of August, 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

United States Magistrate Judge Thomas B. McCoun, III

All Counsel and Parties of Record